# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CARMEN ACEVEDO, | : | Hon. Joseph H. Rodriguez |
| | : | |
| Plaintiff, | : | Civil Action No. 12-5899 |
| v. | : | |
| | : | **MEMORANDUM ORDER** |
| STATE OF NEW JERSEY d/b/a STATE OF NEW JERSEY DEPARTMENT OF CHILDREN AND FAMILIES/ DIVISION OF CHILD PERMENANCY & PROTECTION, SAN L. PAYNE, SUSAN MAMMOCCIO, and HELEN SEDGELY, | : : : | |
| Defendants. | : | |

Presently before the Court is the Defendants' Partial Motion to Dismiss in Lieu of an Answer Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. 5]. For the reasons set forth below, the Partial Motion to Dismiss is granted.

## I. FACTUAL BACKGROUND

Plaintiff, Carmen Acevedo, is currently an employee of the Department of Children and Families ("DCF"), where she has worked since 2000. Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 530-2012-02536, on August 23, 2011, alleging that DCF and its employee's, namely Plaintiff's supervisors, had discriminated against her on the basis of her national origin and ethnicity. The EEOC responded to

1

Plaintiff's charge in a letter dated June 21, 2012, stating that "there was no cause of action to believe that [she] was subjected to discrimination." (Def's. Part. Mot.) The June 21, 2012 charge was subsequently dismissed. Plaintiff later filed a second EEOC charge against DCF; Charge No. 530-2012-02087. The EEOC again dismissed the charge, holding that there was no cause of action for discrimination. Plaintiff filed the present action in the United States District Court for the District of New Jersey on September 19, 2012.

The Plaintiff's Complaint names DCF, as well as Plaintiff's supervisors, San L. Payne, Susan Mammoccio, and Helen Sedgely, as Defendants. With respect to Plaintiff's suit against the DCF supervisors, Plaintiff seeks to maintain action against them in both their official and individual capacities. The Plaintiff outlines six separate causes of action in her Complaint. However, only Counts I through IV are relevant to the present motion. The State, as counsel for the Defendants, filed a partial motion to dismiss pursuant to Federal Rule 12(b)(6) on December 18, 2012.

The State outlines three arguments in favor of dismissal of Counts I through IV against the various Defendants. They are as follows: (i) that the claims against the individual Defendants in their individual capacities are not actionable under 42 U.S.C. § 2000e of Title VII because Title VII liability does not extend to individuals; (ii) that Counts II and III, alleging violations under 42 U.S.C. § 1983, should be dismissed with respect to DCF and the individual Defendants in their official capacities because the Defendants are not "persons" as defined under 42 U.S.C. § 1983; and (iii) that the Court lacks subject matter jurisdiction to hear

claims brought under the New Jersey Law Against Discrimination ("NJLAD") against the State and the individual Defendants in their official capacities.

The Court addresses each of the Defendant's arguments below.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[1] See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

---

[1] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (citing Twombly, 550 U.S. at 556). "[Where] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 664.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Iqbal, 556 U.S. at 679 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See

---

[2]This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Id.

4

also Iqbal, 556 U.S. at 678. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. ANALYSIS

The Court finds for the following reasons that Counts I through IV of the Plaintiff's Complaint are unable to survive the State's Partial Motion to Dismiss under Rule 12(b)(6).

### A. Individual Liability under 42 U.S.C. § 2000e.

Count I of Plaintiff's Complaint brings action against the individual Defendants in their individual capacities under 42 U.S.C. § 2000e of Title VII. However, claims under § 2000e are limited to actions against employers; not against individuals. Sheridan v. E.I. Dupont de Nemors & Co., 100 F.3d 1061, 77-78 (3d Cir.), cert. denied, 521 U.S. 1129, 117 S. Ct. 2532, 138 L. Ed. 2d 1031 (1997)

(Where the Third Circuit determined that it was unlikely that Congress ever contemplated individual liability under Title VII).

Title VII provides that it is unlawful for an "employer" to discriminate. 42 U.S.C. §2000e-2(a)(1). Title VII defines an employer as, "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, *and any agent of such a person...*" 42 U.S.C. § 2000e(b) (emphasis added).

While Plaintiff is able to point to numerous cases in other circuits suggesting that individuals who act as the agents of an entity defined as an "employer" are also considered to be employers for the purpose of the statute, the Third Circuit has not adopted this view. The Court here sees no reason or factual basis to depart from the controlling precedent set in <u>Sheridan</u>. Accordingly, as there is no cause of action under Title VII against the individual Defendants in their individual capacities, Count I against the individual Defendants in their individual capacities is dismissed pursuant to Rule 12(b)(6).

### B. Application of 42 U.S.C. § 1983 to the State and Individual Defendants

Counts II and III of the Plaintiff's Complaint allege that DCF and the individual Defendants in their official capacities are liable under 42 U.S.C. § 1983. That statute provides that:

> *Every person*, who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983 (emphasis added). The State correctly argues that DCF is not included in the meaning of the phrase "every person," and is therefore immune from suit under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989) (the Supreme Court holding that states and their agents are not "persons" for the purposes of § 1989, and that it was unlikely that Congress sought to abrogate any state's Eleventh Amendment immunity for suits under § 1989).

The Plaintiff's Response to the Defendant's partial motion acknowledges the precedent in Will, but urges the Court to consider the fact that while Will stands for the proposition that the state and its agents are immune from suits for a financial remedy, state agents sued in their official capacity for prospective injunctive relief are not. See Doe v. Div. of Youth and Family Servs., 148 F. Supp. 2d 462, 484 (D.N.J. 2001); Will, 491 U.S. at 71 n. 10 (Holding that "a state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.") (Internal citations and quotations omitted). Here however, the Plaintiff has not sought injunctive relief, or at the very least, has not

made sufficient pleadings to suggest that injunctive relief is an appropriate remedy.[1]

Accordingly, Counts II and III against all of the Defendants must be dismissed.

**C. Subject Matter Jurisdiction over NJLAD Claims in Federal Court**

Count IV of the Complaint alleges violations of NJLAD against all of the Defendants. However, Federal Courts lack subject matter jurisdiction to hear claims of this type against the State or its alter egos. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 98, 104 S. Ct. 900, 907 (1984) (The Supreme Court holding that a state is immune from suit under the Eleventh Amendment absent its consent to be sued); Will, 491 U.S. at 71 (Holding that suits against state officials in their official capacity are not suits against an individual, but rather are attempts to sue an alter ego of the state) (internal citation omitted). If a State wishes, it may consent to a suit or a type of suit against it, but consent must be "unequivocally expressed." Pennhurst, 465 U.S. at 99.

The Plaintiff suggests that the State of New Jersey has provided sufficiently clear consent to suit in federal court by passing NJLAD. However,

---

[1] The Plaintiff has only alleged a need for injunctive relief along with boiler plate language in the Complaint, requesting money damages along with an injunction against the Defendants. Plaintiffs requesting prospective injunctive relief "must allege a real and immediate threat of future injury." Doe, 148 F. Supp. 2d at 478 (citing City of Los Angeles v. Lyons, 461 U.S. 95, 101 75 L. Ed. 2d 675, 103 S. Ct. 1660 (1983)). "Allegations of exposure to illegal conduct in the past alone, without a showing of continuing adverse effects, do not demonstrate a case or controversy entitling a plaintiff to prospective injunctive relief." Id. at 479 (internal citations omitted). A plaintiff must be able to show that a real and imminent harm will occur; a mere possibility of future harm will not suffice. ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 300- 301 (3d Cir. 2012).

there is little evidence that expressly supports the notion that the New Jersey Legislature specifically intended NJLAD claims to ever be litigated outside of the state courts. See  Scrutchins v. Div. of Youth & Family Servs., 2008 U.S. Dist. LEXIS 11544 (D.N.J. Feb. 15, 2008); See also Garcia v. Richard Stockton College, 210 F. Supp. 2d 545, 550 (D.N.J. 2002) (Dismissing NJLAD claims against the State because it was not clear that the State had sought to allow NJLAD claims against the State to the Federal Courts).

Here, Plaintiff seeks to litigate her claim against the State under NJLAD in a federal forum, and contends that the State has consented to this type of litigation through its adoption of NJLAD. However, the Court is not convinced that this is sufficient to show the *unequivocally express* consent of the State required to constitute a waiver. See Pennhurst, supra. Accordingly, Plaintiff's claims against the State under NJLAD must be dismissed for lack of subject matter jurisdiction. Additionally, as the individual Defendants in their official capacities are alter egos of the State, the Court finds that Plaintiff's NJLAD claim against them must also fail.

## IV.    CONCLUSION

Given the deficiencies present in Counts I through IV of the Complaint, the Court must grant the Defendant's partial motion for dismissal.

Therefore,

IT IS on this 12th day of August, 2013 hereby

9

**ORDERED** that the Defendant's Partial Motion to Dismiss in Lieu of an Answer Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 5] is **GRANTED**; and it is further

**ORDERED** that Count I is **DISMISSED** with respect to the individual Defendants in their individual capacities; and it is further

**ORDERED** that Counts II and III are **DISMISSED** with respect to all Defendants; and it is further

**ORDERED** that Count IV is **DISMISSED** against the State and its alter egos for lack of subject matter jurisdiction.

                            s/ Joseph H. Rodriguez
                            Hon. Joseph H. Rodriguez,
                            UNITED STATES DISTRICT JUDGE